IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3022-FL

TRISCO DANARD MCFARLAND,  )
                          )
    Plaintiff,             )
                          )
v.                        )                ORDER
                          )
GREGORY L. BARNHILL,       )
                          )
    Defendant.             )
                          )

The matter comes before the court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 16). In this posture, the matter is ripe for adjudication. For the following reasons, defendant's motion is granted

## STATEMENT OF THE CASE

On February 25, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that defendant acted with deliberate indifference to his safety in violation of the Eighth Amendment to the United States Constitution. Plaintiff then filed an amended complaint supplementing his original allegations and adding a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. On January 19, 2011, respondent filed this motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed.

## STATEMENT OF THE FACTS

The facts viewed in the light most favorable to plaintiff are as follows. On August 5, 2009, plaintiff received a threat while exiting the recreation yard when he was incarcerated at Tabor City Correctional Center. Plaintiff states that another inmate stated that he would "f--- him up" for providing information to North Carolina State Bureau of Investigation agents about the rape and murder of a child. The next day, after breakfast, plaintiff informed Sergeant McKoy about the incident, who then referred the matter to defendant.

Plaintiff relayed facts of the incident to defendant, and defendant requested the contact information for the state and federal agents he spoke with regarding the alleged rape and murder. Plaintiff provided defendant with the information, and defendant told him that he would investigate his story to see if it added up. Defendant also asked plaintiff what he would like to do, and plaintiff responded "whatever is necessary." Defendant told plaintiff that he would run plaintiff's situation past his boss and told plaintiff that his boss may place him in protective custody. Plaintiff assented to protective custody.

Within hours of speaking with defendant, plaintiff was struck on the neck with a large rock or small brick while he was in the recreation yard. Plaintiff states that the assailant was across the fence from him and that the assailant laughed and cursed him. The next day plaintiff was placed in solitary confinement, and was transferred to another facility within two weeks.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

2

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Defendant asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly

3

established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 555 U.S. at 241-42.

Plaintiff alleges that defendant violated the Eighth Amendment by acting with deliberate indifference to his safety and risk of assault from another inmate. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted). To establish a claim for failure to protect from violence, an inmate must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that prison officials had a sufficiently culpable state of mind," one of deliberate indifference. Id. at 834.

To be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837. Importantly, a prison official "who actually [knows] of a substantial risk to an inmate's health or safety may be found free from liability if [he] responded reasonably to the risk, even if the harm ultimately was not averted. Id. at 844; see Brown v. Harris, 240 F.3d 383, 389 (4th Cir. 2001). "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Farmer, 511 U.S. at 844-45 (internal quotation marks omitted); see Brown, 240 F.3d at 389. Finally, "[d]eliberate indifference is a very high standard – a showing of mere negligence will not meet it." Young v. City of Mount Rainer, 238 F.3d 567, 575 (4th Cir. 2001) (citation omitted).

In this case, plaintiff alleges that defendant acted with deliberate indifference because defendant's conduct violated clear North Carolina Department of Correction ("DOC") policy

4

requiring that an inmate be placed in segregation pending an investigation of a reported threat of violence. The DOC policy to which plaintiff refers specifically states:

> Protective control is the reassignment of an inmate from the general population to confinement in a secure area to protect the inmate involved from self injury or threat of harm by others. An inmate's request to be placed in protective control does not alone constitute grounds for reassignment. The officer in charge must evaluate all the circumstances of each case. A determination must be made that the inmate's request is legitimate and that segregation is necessary for the continued well-being of the inmate. The only purpose for protective control is the protection of the inmate when it is apparent that the inmate's life or well-being may be threatened if the subject remains in the general population.

DOC, Div. of Prisons, Policy and Procedures, Ch. C. § .1101(a), Protective Control, Issued 1 April 2008).

Despite plaintiff's allegations otherwise, § .1101(a) does not mandate that an inmate immediately be placed in protective custody upon report of a threat. Rather, it states that a determination must be made that the inmate's request is legitimate and that segregation is necessary for the inmate's continued well-being. This is precisely what occurred in this action. For instance, here, defendant informed plaintiff that he wanted to verify his story, run the situation past his boss, and that he then likely would place plaintiff in protective custody. Defendant additionally provided plaintiff the opportunity to state what plaintiff wanted to be done and plaintiff stated "whatever is necessary." Plaintiff does not allege that he requested protective custody at the time he reported the incident or that he was dissatisfied with defendant's actions at that time. Unfortunately, within a few hours of plaintiff's exchange with defendant, plaintiff was assaulted. Plaintiff then was placed in protective custody and transferred from the facility. Accordingly, the record reflects that defendant was responsive to plaintiff's report of the threat he received on August 5, 2009, and, at most,

defendant's conduct may be characterized as negligence. Therefore, plaintiff has not alleged a constitutional violation.

Even if plaintiff could establish a constitutional violation, the court finds that plaintiff is unable to establish the second prong of the qualified immunity test (*i.e.*, whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right). Here, it would not be clear to a reasonable officer that taking a few hours to investigate an alleged threat prior to placing an inmate in protective custody would amount to a constitutional violation, particularly where the inmate consents to such course of action. Accordingly, defendant is entitled to qualified immunity. For this reason, defendant's motion to dismiss this claim is GRANTED.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 16) is GRANTED. As it was not addressed in defendant's motion, plaintiff's Eighth Amendment claim regarding alleged inadequate medical care remains pending. Accordingly, the Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 17 day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge